## CORNELIUS T. DAY vs. INHABITANTS OF MILFORD.

A town is liable, under Gen. Sts. c. 44, § 22, to pay damages to a person who receives an injury by the fall of an awning projected over the sidewalk of a street by the owner of a building, if the awning has been, for the space of twenty-four hours before the happening of the injury, so frail that in the winds, rains and snows ordinarily occurring in this climate it was likely to fall, and did fall, from such cause, although the direct cause was snow which fell thereon less than twenty-four hours before.

TORT to recover damages for an injury sustained by the plaintiff, by reason of a defect in and over a public sidewalk on Main street in Milford.

At the trial in the superior court, before *Allen*, C. J., the only defect alleged was an awning erected over the sidewalk and along the whole length of a building, by the owners thereof. There was no evidence of any license from the defendants for its erection. This awning fell upon the plaintiff and caused the injury complained of, while he was travelling upon the public sidewalk under the same.

The plaintiff introduced evidence tending to show that the awning, by reason of its inherent weakness, was liable to fall, and rendered the sidewalk at all times unsafe and dangerous to travellers. The defendants introduced evidence tending to show the contrary, and that during the night previously to the accident snow fell and drifted on to the awning and caused its fall. It appeared also that snow had fallen several days before.

The judge instructed the jury that, to entitle the plaintiff to recover, they must be satisfied that there was a defect or want of repair in the projection, of such a nature as rendered its continuance dangerous to the public safety, of which the defendants had reasonable notice, or which had existed twenty-four hours previous to the occurrence of the injury; that if the structure as it had stood for many days was so frail that in the winds, rains and snows ordinarily occurring in this climate, it would be likely to fall upon the traveller, and did fall upon the plaintiff from such cause, doing him injury, the defendants would be liable, no other objection existing to the recovery; but that they would

not be liable if the structure was sufficient to sustain such ordinary pressure, and was broken and borne down by an extraordinary fall of snow a few hours before; and that if the weight of the snow, which fell several days before upon the awning and remained upon it until the injury happened, rendered the structure dangerous and caused its fall, the defendants would be liable.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*P. C. Bacon,* for the defendants.

*F. H. Dewey & H. B. Staples,* for the plaintiff.

DEWEY, J.   We can entertain no doubt as to the correctness of the instructions to the jury in the present case.   The case of *Drake* v. *Lowell,* 13 Met. 292, was a sufficient authority.   That case arose under the Rev. Sts. *c.* 25, § 22; but the Gen. Sts. *c.* 44, § 22, do not differ as to the liability of towns in this respect.   Nor does the fact that Lowell was a city and Milford is a town vary the case.   Gen. Sts. *c.* 44, § 8, confer full power upon the surveyors of highways to remove all such erections as may obstruct the highway or endanger persons travelling thereon.   The only apparent distinction between the facts of this case and those in *Drake* v. *Lowell* is, that in the latter case the entire snow and ice, which by their weight crushed the awning, had been deposited there more than twenty-four hours before the accident; whereas in the present case, a portion of the snow, and, as the defendants contended, the snow by reason of which alone the structure was made to fall, was deposited there the evening preceding the accident, and less than twenty-four hours before the same occurred.   This latter circumstance does not necessarily change the result, or vary the liability of the town for permitting this defective structure to remain.   The defect and want of repair of the highway, by which the safety of the traveller was endangered, were in the state of the awning, and the want of sufficient strength to sustain its own weight and such accumulations as would ordinarily occur.   This defect had existed more than twenty-four hours.   The jury were properly instructed upon this point, and as to what would create a

liability on the part of the town for an injury occasioned by the actual falling of the awning, and under what circumstances they would not be liable therefor, and therefore no ground exists for disturbing the verdict. *Exceptions overruled.*